United States District Court
For the Northern District of California

**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RODNEY BLACH,

        Plaintiff,

    v.

JOHN DOVEY, Director, Division of Adult Institutions, California Department of Corrections and Rehabilitation; and DOES 1-100,

        Defendants.
                                  /

No. C 05-4447 PJH (PR)

**ORDER EXTENDING TIME TO AMEND; RULINGS**

This is a civil rights case filed pro se by a state prisoner. The complaint was dismissed with leave to amend in the initial review order. In that order the court noted that the only named defendant was John Dovey, head of the Division of Adult Institutions, California Department of Corrections and Rehabilitation, and that only injunctive relief was requested. To obtain such relief against the head of a state agency -- in reality an injunction against a state agency -- a plaintiff must show that there was an intentional and pervasive pattern of misconduct. *Easyriders Freedom F.I.G.H.T. v. Hannigan*, 92 F.3d 1486, 1495 (9th Cir. 1996). Plaintiff alleged only that there was a "de facto institution policy justifying CDC agency defendant status." The court concluded that this was insufficient to state a claim under the *Hannigan* standard. Because plaintiff asks only for injunctive relief and had been transferred to a different prison, the court also considered whether the claims might be moot. Because a subsequent paper, though not part of the compliant, contained an allegation that plaintiff also is being denied access to his papers at his new prison, the court concluded that this case could be saved by amendment and dismissed with leave to

amend.

Plaintiff has filed a number of motions which are now before the court for ruling.

*1. Motion for counsel*

There is no constitutional right to counsel in a civil case. *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). 28 U.S.C. § 1915 confers on a district court only the power to "request" that counsel represent a litigant who is proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1). This does not give the courts the power to make "coercive appointments of counsel." *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989).

The court may ask counsel to represent an indigent litigant under § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

It is difficult to evaluate plaintiff's chances of success on the merits, given that he still has not filed an amended petition; certainly as to the existing complaint, the chances are minimal. In any event, plaintiff appears able to present his claims adequately, if he will just control his tendency to prolixity and inclination to be distracted by irrelevant matters. The motion for appointment of counsel will be denied.

*2. Motions for extension of time to file amendment*

Petitioner has filed several motions asking for extensions. An extension of time to amend will be granted, but this case cannot be allowed to linger indefinitely without resolution. No further extensions will be granted; if the amendment is not filed within the time as extended, this case will be dismissed.

**CONCLUSION**

1. Plaintiff's motion for appointment of counsel (document number 21 on the docket) is **DENIED**.

2. Plaintiff motion for an extension of time to file an amended complaint (document

26) is **GRANTED**.  The time to amend is **EXTENDED** to May 28, 2007.  No further extensions will be granted; if the amended complaint is not filed by the deadline, this case will be dismissed.  Plaintiff's other motions for an extension (documents 17, 18, 19, and 26) are **DENIED** as moot.

    3.  Petitioner's motion for an investigation (document 29) is **DENIED** for the reasons set out in the ruling on it in plaintiff's habeas case, C 05-04446 PJH (PR).

**IT IS SO ORDERED.**

Dated: March 16, 2007.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.05\BLACH447.MISC