**United States District Court**
For the Northern District of California

1

2

**NOT FOR CITATION**

3

UNITED STATES DISTRICT COURT

4

NORTHERN DISTRICT OF CALIFORNIA

5

6

7   RODNEY BLACH,

8              Plaintiff,              No. C 05-4447 PJH (PR)

9        v.                           **ORDER OF SERVICE**

10  SCOTT KERNAN, Director, Division of
    Adult Institutions, California Department
11  of Corrections and Rehabilitation; and
    DOES  1-100,
12
               Defendants.
13  _____/

14

15        This is a civil rights case filed pro se by a state prisoner.  When he filed the

16  complaint plaintiff was housed at Salinas Valley State Prison, which is in this district, but he

17  now has been moved to Corcoran State Prison, which is in the Eastern District.

18        In the initial review order the court noted that the only named defendant was John

19  Dovey, head of the Division of Adult Institutions, California Department of Corrections and

20  Rehabilitation, and that only injunctive relief was requested.  To obtain such relief against

21  the head of a state agency -- in reality an injunction against a state agency -- a plaintiff

22  must show that there was an intentional and pervasive pattern of misconduct.  *Easyriders*

23  *Freedom F.I.G.H.T. v. Hannigan*, 92 F.3d 1486, 1500 (9th Cir. 1996).  Plaintiff alleged only

24  that there was a "de facto institution policy justifying CDC agency defendant status."  The

25  court concluded that this was insufficient to state a claim under the *Hannigan* standard.

26  Because plaintiff asked only for injunctive relief and had been transferred to a different

27  prison, the court also considered whether the claims might be moot.   A subsequent paper,

28  though not part of the complaint, contained an allegation that plaintiff was being denied

**United States District Court**

For the Northern District of California

1   access to his papers at his new prison, so the court concluded that the case was not moot

2   and dismissed with leave to amend.  Plaintiff has amended.

3   　　　In the amendment plaintiff names as defendant Scott Kernan, who he says is the

4   current director of Adult Institutions, and Does 1-100.  Because plaintiff requests only

5   injunctive relief, Kernan is substituted for Dovey pursuant to Rule 25(d) of the Federal

6   Rules of Civil Procedure.

7   　　　Because the only defendant is the head of the state agency responsible for adult

8   prisons and plaintiff requests only injunctive relief, in order to plead that he is "entitled to

9   relief" he must allege facts showing two things:  One is that the agency's conduct violates

10  federal constitutional law, *see Easyriders Freedom F.I.G.H.T. v. Hannigan*, 92 F.3d 1486,

11  1495 (9th Cir. 1996); and the other is that there was an intentional and pervasive pattern of

12  misconduct, s*ee id.* at 1500.  The latter requirement may be met by showing that the

13  misconduct flowed from an agency policy or plan.  *Id.* at 1500-1501.

14  　　　Plaintiff alleges that his constitutional right of access to the courts was violated when

15  employees at several prisons limited the amount of legal material he could have in his cell,

16  apparently pursuant to a department-wide policy which provides that inmates may not have

17  legal materials, or perhaps papers in general, that take up more than six cubic feet of

18  space.  This, and plaintiff's contention that he was unable to gain access to the courts

19  without his legal papers, is sufficient to allege a violation of his constitutional rights and an

20  intentional and pervasive pattern of misconduct.  The amended complaint is sufficient to

21  require a response.

22  　　　In its order denying plaintiff's motion for appointment of counsel the court stated that

23  plaintiff "appears able to present his claims adequately, if he will just control his tendency to

24  prolixity and inclination to be distracted by irrelevant matters."  Plaintiff has not taken the

25  hint.  The amended complaint includes seventeen motions, proposed orders in four groups,

26  and a large number of supporting papers.  The motions are unmanageable in this form.

27  They will be denied without prejudice to being brought separately, one at a time, with

28  proper support and an explanation as to each why it should be granted.  Petitioner should

note that he does not need to file a separate motion for each form of relief he seeks – for instance, one motion to request that papers be returned to him and another that a plastic bag be provided to hold them in his cell.  He should also note that the court cannot issue an injunction to persons who are not defendants or who have not been served, because the court would lack jurisdiction over them.  *See In re Estate of Ferdinand Marcos*, 94 F.3d 539, 545 (9th Cir. 1996) (to enforce an injunction against an entity district court must have personal jurisdiction over that entity; court should not issue injunction it cannot enforce).

**CONCLUSION**

1.  Plaintiff's motions are **DENIED** without prejudice to bringing them in proper form as described above.

2.  The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint with attachments and copies of this order on Scott Kernan, Director, Division of Adult Institutions, California Department of Corrections and Rehabilitation, in Sacramento.  The clerk also shall serve a courtesy copy of the complaint only (without attachments) and this order on the Attorney General.

3.  In order to expedite the resolution of this case, the court orders as follows:

a.  No later than sixty days from the date of service, defendant shall file a motion for summary judgment or other dispositive motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue.  If defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the court prior to the date his summary judgment motion is due.  All papers filed with the court shall be promptly served on the plaintiff.

b.  Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendant no later than thirty days from the date the motion was served upon him.  Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

**United States District Court**
For the Northern District of California

1         If defendant files an unenumerated motion to dismiss claiming that plaintiff failed to

2   exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff

3   should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION),"

4   which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th

5   Cir. 2003).

6           c.  If defendant wishes to file a reply brief, he shall do so no later than fifteen

7   days after the opposition is served upon him.

8           d.  The motion shall be deemed submitted as of the date the reply brief is

9   due.  No hearing will be held on the motion unless the court so orders at a later date.

10        4.  All communications by plaintiff with the court must be served on defendant, or

11   defendant's counsel once counsel has been designated, by mailing a true copy of the

12   document to defendant or defendant's counsel.

13        5.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

14   No further court order under Federal Rule of Civil Procedure 30(a)(2) is required before the

15   parties may conduct discovery.

16        6.  It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court

17   informed of any change of address by filing a separate paper with the clerk headed "Notice

18   of Change of Address."  He also must comply with the court's orders in a timely fashion.

19   Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to

20   Federal Rule of Civil Procedure 41(b).

21

22       **IT IS SO ORDERED.**

23

24   Dated:  July__9__, 2007.                              _____

25                                      PHYLLIS J. HAMILTON
                                   United States District Judge

26

27

28   G:\PRO-SE\PJH\CR.05\BLACH447.SERVE