UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RODNEY BLACH,

    Plaintiff,

    v.

SCOTT KERNAN, Director, Division of Adult Institutions, California Department of Corrections and Rehabilitation; and DOES 1-100,

    Defendants.

No. C 05-4447 PJH (PR)

**ORDER GRANTING MOTION TO DISMISS**

    This is a civil rights case filed pro se by a state prisoner. Plaintiff contended in his first amended complaint that a regulation of the California Department of Corrections and Rehabilitation limiting inmates' papers in their cells to six or seven square feet violated his right of access to the courts, because he has far more paper than that and needs it to pursue his court cases. He demands injunctive relief only.

    The court concluded that plaintiff's first amended complaint stated a claim against the Director of the CDCR and ordered service.

    Defendant Kernan has moved to dismiss on grounds (1) plaintiff has not exhausted his administrative remedies and (2) the complaint is barred by the statute of limitations. He has abandoned a third ground. Reply at 2 n.1. Plaintiff has opposed the motion and moved for summary judgment, and defendant has replied. The court granted defendant's motion to extend the time for him to oppose the motion for summary judgment until after the motion to dismiss is ruled upon, if it is not mooted by the motion being granted.

    For the reasons set out below, the motion to dismiss will be granted and the motion for summary judgment will be denied as moot.

**DISCUSSION**

**I.    Exhaustion**

The Prison Litigation Reform Act of 1995 amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Although once within the discretion of the district court, exhaustion in prisoner cases covered by § 1997e(a) is now mandatory. *Porter v Nussle*, 122 S. Ct. 983, 988 (2002).  All available remedies must now be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Id.* (citation omitted). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. *Id.*; *Booth v Churner*, 532 U.S. 731, 741 (2001).  Similarly, exhaustion is a prerequisite to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *Porter*, 122 S. Ct. at 992.

The State of California provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a).  It also provides its inmates the right to file administrative appeals alleging misconduct by correctional officers. *See id.* § 3084.1(e).  In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections.  *See id.* § 3084.5; *Barry v. Ratelle*, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997).  A final decision at the director's level satisfied the exhaustion requirement under § 1997e(a). *Id.* at 1237-38.

Nonexhaustion under § 1997e(a) is an affirmative defense. *Wyatt v Terhune*, 315 F.3d 1108, 1119 (9th Cir 2003).   It should be treated as a matter of abatement and brought

2

in an "unenumerated Rule 12(b) motion rather than [in] a motion for summary judgment." *Id.* (citations omitted). In deciding a motion to dismiss for failure to exhaust administrative remedies under § 1997e(a), the court may look beyond the pleadings and decide disputed issues of fact. *Id.* at 1119-20. If the court concludes that the prisoner has not exhausted California's prison administrative process, the proper remedy is dismissal without prejudice. *Id.* at 1120.

Defendant has provided a declaration from N. Grannis, Chief of the Inmate Appeals Branch of the CDCR, sufficient to establish that plaintiff has not exhausted his claim by appealing it through the third and final formal level. Decl. Grannis at ¶ ¶ 6-7. Plaintiff does not contest this, but contends that administrative remedies were not available to him, and thus that he did not fail to exhaust "available" remedies.

Plaintiff has failed to provide an evidentiary basis for his contentions, in that his opposition is not verified, so the facts alleged in it are not evidence. Leaving that aside, his arguments in opposition to the exhaustion claim, to extent they can be extracted from the thicket of verbiage, are that he was not permitted to file more than one grievance a week and that his use of the grievance system was deterred by mistreatment by prison guards.

Plaintiff has completely failed to establish that the one-grievance-a-week limit prevented him from exhausting – after all, he had two years to get his complaint on file, and at one a week, he easily could have filed a grievance regarding the limit on papers in cells. As to the contention that he was deterred from filing by misconduct of guards, it is completely unsupported by specifics applicable to grievances. If anything, the references on pages eighteen and nineteen of his opposition to his filing many grievances suggest that he was well able to do so. Quite why someone so vociferous as plaintiff failed to file a grievance attacking the limitations on papers in cells, or why, if he did file one at a lower level, he did not pursue it to the end, is unclear. But he did not. The motion to dismiss on this ground will be granted.

///

**II.     Statute of Limitations**

3

1   The statute of limitations for Section 1983 claims brought in California is the two-
2 year period set forth at California Civil Procedure Code § 335.1.  *See Maldonado v. Harris*,
3 370 F.3d 945, 954 (9th Cir. 2004).  In his first amended complaint plaintiff alleges that the
4 property regulation had an impact on his litigation activities starting on July 15, 2003.
5 Corrected First Amended Compl. (document 35) at 7.  As he does not contend that his
6 rights were violated earlier than that, it is clear that the claim accrued on that date.

7   Because plaintiff asks only for injunctive relief, he is not entitled to tolling under
8 sections 352.1(a) and (c) of the California Code of Civil Procedure, which otherwise
9 provides tolling for prisoners serving terms of less than life.  This case was not filed until
10 November 1, 2005, more than two years after it accrued, so unless plaintiff is correct that
11 he is entitled to equitable tolling, it is barred.

12   The court may grant a motion to dismiss based on the running of the statute of
13 limitations "only if the assertions in the complaint, read with the required liberality, would not
14 permit the plaintiff to prove that the statute was tolled."  *Pisciotta v. Teledyne Industries,*
15 *Inc.*, 91 F.3d 1326, 1331 (9th Cir. 1996).  The allegations of the complaint, read with the
16 required liberality, might permit plaintiff to establish equitable tolling.  For that reason this
17 claim would have to be resolved on a motion for summary judgment, not a motion to
18 dismiss.  Because the motion to dismiss will not be granted on this ground, the dismissal,
19 being based only on failure to exhaust administrative remedies, will be without prejudice.

## CONCLUSION

21   *The motion to dismiss (document number 37) is **GRANTED**.  Plaintiff's motion for
22 summary judgment (document 40) is **DENIED** as moot.  This case is **DISMISSED** without
23 prejudice.  The clerk shall close the file.

24   **IT IS SO ORDERED.**
25 Dated:  September 29, 2008.

_____
PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.05\BLACH447.DSM-EXH.wpd